## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANE B. GRIGGS, as Personal<br>    Representative of the Estate of<br>    Richard O. Bertschinger, Sr., deceased,<br><br>        Plaintiff,<br><br>v.<br><br>THE VANGUARD GROUP, INC., and<br>VANGUARD MARKETING CORP.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-17-1187-SLP |

## O R D E R

Before the Court is Plaintiff's Motion to Compel regarding Rule 30(b)(6) Deposition Notices [Doc. No. 48]. It is at issue. *See* Resp., Doc. No. 66; Reply, Doc. No. 71. Also before the Court is Defendants' Cross-motion for Protective Order Under [Rule] 26(c) and [Local Rule] 7.1(c) [Doc. No. 67], which is likewise at issue. *See* Resp., Doc. No. 73.

After Defendants removed this case from state court to this Court, they requested that Plaintiff's claims against Vanguard Marketing Corp. be compelled to Financial Industry Regulatory Authority ("FINRA") arbitration and that Plaintiff's claims against Vanguard Group, Inc. be dismissed. Plaintiff then put the "making" of the alleged arbitration agreements at issue, so the Court authorized limited-scope discovery in advance of the determination required by 9 U.S.C. § 4. *See* Order of Oct. 31, 2018, Doc. No. 27. The only question on which discovery has been authorized in this case is whether Mr. Bertschinger lacked mental capacity to enter into the arbitration clauses at issue—which

were executed by Mr. Bertschinger on August 11, 1999 and on September 4, 2001. *See* Doc. Nos. 10-2, 10-4. The Court also previously found Defendants' knowledge in August 1999 and September 2001 of Mr. Bertschinger's mental capacity to enter into the arbitration clauses at issue to be relevant to the overall issue of mental capacity on which discovery has been authorized. *See* Order of June 18, 2019, Doc. No. 74. The instant motions address Plaintiff's requested deposition(s) of Defendants' Rule 30(b)(6) designee(s), including the location for the deposition(s) and the topics to be covered during the deposition(s).

## I. Relevant discovery standards

Federal Rule of Civil Procedure 26(b)(1) applies to both parties' motions, and it provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"When requested discovery appears relevant, the party objecting to production has the burden of establishing the lack of relevance by demonstrating that the request falls outside the scope set forth in Rule 26(b)(1), or that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Shotts v. Geico Gen. Ins. Co.*, No. CIV-16-1266-R, 2017 WL 4681797, at *1 (W.D. Okla. Oct. 17, 2017) (citation omitted).

Further, to depose a corporate designee, a party is required to "name as the deponent a public or private corporation [or other entity] and . . . describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The rule's reasonable-particularity requirement contrasts with requirements for other deposition notices which require only "reasonable written notice" of the deposition. *Compare id.*, *with id.* Rule 30(b)(1).

Rule 30(b)(6) imposes reciprocal obligations on the parties. The party seeking the deposition must identify topics for inquiry with reasonable particularity. "Without the required specificity in the topics noticed for examination, the deponent may be unable to fulfill its duty to produce designated and properly prepared representatives." *Singh v. Shonrock*, No. 15-9369-JWL-GEB, 2017 WL 698472, at *2 (D. Kan. Feb. 22, 2017). In turn, the deponent-entity must "make a conscientious, good-faith endeavor to designate the persons having knowledge of the matters sought and to prepare those persons in order that they can answer fully, completely, and in a non-evasive manner, the questions as to the relevant subject matters." *Id.* (footnote, quotation marks, and citation omitted).

Finally, Rule 26(c)(1) requires both that a moving party show "good cause" for the issuance of a protective order and that the basis for the protective order be "protect[ion] . . . [of the individual to be deposed] from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The good cause standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quotation marks and citations omitted).

## II.    Discussion and analysis

The issues in the immediate motions largely overlap those addressed in Plaintiff's prior motion to compel, which the Court ruled on in its Order of June 18, 2019 [Doc. No. 74]. Familiarity with that order and the rulings therein is assumed.

### A.    Location of the deposition(s) of Defendants' Rule 30(b)(6) designee(s)

Plaintiff noticed the Rule 30(b)(6) deposition(s) of Defendants' corporate designee(s) for Oklahoma City. Defendants object, stating that the deposition(s) should take place in Malvern, Pennsylvania—the site of Defendants' principal places of business. If the deposition(s) occur(s) in Oklahoma City, the deponent(s) will have to travel to Oklahoma, and both local counsel for Defendants and counsel for Plaintiff (both of whom are based in Tulsa) will have to travel a short way to Oklahoma City. If the deposition(s) occur(s) in Malvern, Plaintiff's counsel will have to travel to Pennsylvania, and Defendants' national counsel (who is based in Philadelphia, approximately 30 miles from Malvern) will have to travel a short way to Malven. Of course, Defendants may choose to have counsel other than the most conveniently located participate in the deposition(s) and Plaintiff may choose to attend the deposition(s) of Defendants' Rule 30(b)(6) designee(s), but neither is required for the deposition(s) to proceed.[1]

---

[1] Plaintiff's assertion that Defendants are "attempting to force Ms. Griggs and her counsel to travel to Malvern, Pennsylvania for the noticed depositions" is not wholly correct. Mot. 7, Doc. No. 48. While Plaintiff and her counsel may prefer to conduct the deposition(s) of Defendants' Rule 30(b)(6) designee(s) in person (as is Plaintiff's right), the Court is unaware of any barrier to Plaintiff conducting the deposition(s) by videoconference—an increasingly common approach that often provides cost savings for one or more parties.

A Rule 30(b)(6) deposition generally is conducted in the judicial district of a defendant corporation's principal place of business absent an agreement of the parties or justice requiring otherwise. *See Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) ("[T]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." (quotation marks and citation omitted)); *Mitchusson v. Sheridan Prod. Co., LLC*, No. CIV-10-1362-M, 2010 WL 5462585, at *1 (W.D. Okla. Dec. 29, 2010). Plaintiff relies on certain factors to meet her burden of overcoming this deposition-location presumption. *See Pinnacle Packaging Co. v. Constantia Flexibles GmbH*, No. 12-CV-537-JED-TLW, 2015 WL 9216845, at *5 (N.D. Okla. Dec. 17, 2015) (describing the burden to overcome the location presumption for a Rule 30(b)(6) deposition). As summarized by the U.S. District Court for the Northern District of Oklahoma:

> Any number of factors may overcome the general rule and persuade a court to permit the deposition of a corporate agent or officer to be taken at some place other than the corporation's principal place of business. These factors include the location of counsel, the number of corporate representatives sought to be deposed, the burden on the corporation if its agents are required to travel, travel expenses of the deponents and counsel, the likelihood of significant disputes requiring resolution by the forum court, the defendant's contacts with the forum of the deposition, whether the persons sought to be deposed often engage in travel for business purposes, and the general equities of the given factual setting.

*Kelly v. Mercedes-Benz USA, Inc.*, No. 99-CV-476-H(J), 2015 WL 3796045, at *1 (N.D. Okla. Mar. 8, 2015).[2]

---

[2] Plaintiff suggests use of a smaller set of factors, as stated in *Pinnacle Packaging Co.*, 2015 WL 9216845, at *7. The Court has opted for the larger set of factors included above, taken from another opinion cited by Plaintiff in her motion. *See* Mot. 7, Doc. No. 48.

Here, the location of counsel favors conducting the deposition(s) in Malvern, as Defendants' national counsel is based approximately 30 miles from that location, while no counsel is based so close to Oklahoma City. A consideration of travel expenses also favors Malvern, as Plaintiff's counsel (a lengthy distance) and Defendants' counsel (a short distance) will be forced to travel if the location is there, but the deponent(s) will not have to travel. On the other hand, Plaintiff's counsel (a short distance), Defendants' counsel (a short distance), and the deponent(s) (a lengthy distance) will be forced to travel if the location is in Oklahoma City. And whether the deponents often travel favors the Malvern deposition(s) as well, as Defendants have indicated that none of the potential deponents travel to Oklahoma City for business purposes on a regular basis. *See Pinnacle Packaging Co.*, 2015 WL 9216845, at *8 (indicating that this factor refers to "whether the deponents travel to the proposed location of the depositions, rather than a general determination of whether the deponents travel for business generally").

Defendants' contacts with the forum also favor the Malvern deposition(s). Plaintiff has not indicated any significant contacts between Defendants and Oklahoma other than the relationship that existed between Defendants and Mr. Bertschinger. For example, Plaintiff has provided no indication that Defendants have a significant number of employees or physical offices in Oklahoma.

The number of corporate representatives favors conducting the deposition(s) in Oklahoma City, as Defendants have not indicated that they will designate more than one deponent (and the Court will not assume they will do so). The lack of an unusual burden on Defendants favors Oklahoma City, as Defendants have not indicated any circumstances

making the travel of their deponents unusually difficult. *See Chris-Craft Indus. Prods., Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607-08 (N.D. Ill. 1999) (indicating that a burden on the business was shown when deponents were located in Japan and were involved in meeting upcoming deadlines imposed by the end of the company's fiscal year, and that holding the depositions in Illinois would prevent the company from successfully closing its financial year on time, in addition to interfering with the company's annual board meeting).

Plaintiff argues that the general equities favor the Oklahoma City deposition(s) because Defendants (international businesses) are better able to bear the costs of travel as opposed to Plaintiff (an individual). While the Court does not doubt this assertion, Plaintiff has done nothing to take this case outside the realm of the many individual-versus-corporation lawsuits filed in federal courts daily. Accepting Plaintiff's proposition, by itself, as a sufficient reason to shift the Rule 30(b)(6) deposition(s) from Defendants' principal place of business to the forum would eliminate the well-accepted presumption for holding depositions at a corporate defendant's principal place of business in a huge swath of cases. Absent some sort of "unusual circumstances," the Court does not find the equities to favor the Oklahoma City deposition(s) in this case beyond the way such equities fall in nearly every case involving an individual plaintiff and corporate defendant. *See Pinnacle Packaging Co.*, 2015 WL 9216845, at *5 (quotation marks omitted). A stronger showing of particular circumstances is required by Plaintiff for this factor to weigh in her favor.[3]

---

[3] In addition, the burden on Plaintiff of traveling to Malvern for the deposition(s) is substantially less than the burdens imposed on parties to travel to companies' headquarters

Finally, the likelihood of significant disputes requiring resolution by the Court does not favor either location. This is not a situation where, if a dispute arises in either Oklahoma City or in Malvern, this Court will lack authority to resolve it. *See Kelly*, 2015 WL 3796045, at *2 (indicating a concern about the court's ability to resolve disputes only if the deposition took place in a different country); *cf.* Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.").

All told, these factors do not tip the scales meaningfully in either direction. Accordingly, the Court finds that Plaintiff has not shown anything "to distinguish this case from the ordinary run of civil cases" and the presumption for deposing a Rule 30(b)(6) designee in the location of the defendant company's principal place of business controls. *Pinnacle Packaging Co.*, 2015 WL 9216845, at *7 (quotation marks omitted). Plaintiff's request that the Court order the deposition(s) of Defendants' Rule 30(b)(6) designee(s) be held in Oklahoma City is denied.

---

for depositions in the authorities cited by Plaintiff—nearly all of which involve foreign defendants. *See Pinnacle Packaging Co.*, 2015 WL 9216845, at *1 (company defendants based in Austria and Germany with the deponent residing in Germany); *Kelly*, 2015 WL 3796045, at *1 (company defendants based in New Jersey and Germany with an alternative deposition location proposed in England); *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 551 (S.D.N.Y. 1989) (defendants' residences unclear, but purported by the defendants to be "in Europe and other foreign countries"). *But see Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171-72 (S.D.N.Y. 1985) (company defendant requesting deposition occur in California, not in New York).

**B.      Topics for the deposition(s) of Defendants' Rule 30(b)(6) designee(s)**

The Court now turns to the topics for examination at the deposition(s) of Defendants' Rule 30(b)(6) designee(s).  The parties' arguments largely mirror those made regarding Plaintiff's prior motion to compel and Defendants' response thereto, which the Court ruled on in its Order of June 18, 2019 [Doc. No. 74].  The Court reiterates its prior ruling topic-by-topic as follows, with elaboration as appropriate.[4]

**(i)      Topic Nos. 2-8**

Defendants' objections to these topics are sustained in part and overruled in part. *See* Order of June 18, 2019, at 6-8, Doc. No. 74.  Defendants' Rule 30(b)(6) designee(s) must testify regarding communications between Mr. Bertschinger and Defendants' employees or representatives for the period of January 1, 1998, through December 4, 2001, as well as any later-in-time records that explicitly reference communications between Mr. Bertschinger and Defendants' employees or representatives during the period of January 1, 1998, through December 4, 2001 to the extent discovery regarding the same was allowed or disallowed in the Court's Order of June 18, 2019 [Doc. No. 74], to the extent such information is known or reasonably available to Defendants.  Accordingly, both Plaintiff's motion to compel and Defendants' request for a protective order are granted in part and denied in part regarding these topics.

---

[4] Topics are included in the order they were discussed by the parties in their briefs.

### (ii) Topic No. 9

Defendants' objection to this topic is sustained in part and overruled in part. *See id.* at 8-9. Defendants' Rule 30(b)(6) designee(s) must testify regarding communications or documentation of communications between Defendants' employees or representatives created from January 1, 1998, through December 4, 2001 referencing "Mr. Bertschinger's age, mental capacity, demeanor, and ability to understand information" (Notice of Dep. 5, Doc. No. 48-1), as well as any later-in-time records explicitly referencing "Mr. Bertschinger's age, mental capacity, demeanor, and ability to understand information" (*id.*) as such abilities or characteristics existed during the period through December 4, 2001, to the extent discovery regarding the same was allowed or disallowed in the Court's Order of June 18, 2019 [Doc. No. 74], to the extent such information is known or reasonably available to Defendants. Accordingly, both Plaintiff's motion to compel and Defendants' request for a protective order are granted in part and denied in part regarding this topic.

### (iii) Topic Nos. 10-12

Defendants' objections to these topics are sustained and their Rule 30(b)(6) designee(s) need not testify regarding them. *See* Order of June 18, 2019, at 6, 10-11, Doc. No. 74. Accordingly, Plaintiff's motion to compel is denied and Defendants' request for a protective order is granted regarding these topics.

### (iv) Topic No. 13

Defendants' objection to this topic is sustained in part and overruled in part. *See id.* at 9. Defendants' Rule 30(b)(6) designee(s) must testify regarding the identities of employees, agents, or representatives of Defendants who communicated with Mr.

Bertschinger during the period of January 1, 1998, through December 4, 2001, to the extent such information is known or reasonably available to Defendants. Accordingly, both Plaintiff's motion to compel and Defendants' request for a protective order are granted in part and denied in part regarding this topic.

### (v)    Topic Nos. 14-16

Defendants' objections to these topics are sustained in part and overruled in part. *See id.* at 9-10. Defendants' Rule 30(b)(6) designee(s) must testify regarding the identities and actions of registered representatives of Defendants (or other similarly situated employees, agents, or representatives of Defendants) for the period of January 1, 1998, through December 4, 2001, to the extent discovery regarding the same was allowed or disallowed in the Court's Order of June 18, 2019 [Doc. No. 74], to the extent such information is known or reasonably available to Defendants. Accordingly, both Plaintiff's motion to compel and Defendants' request for a protective order are granted in part and denied in part regarding these topics.[5]

### (vi)    Topic Nos. 17-18

Defendants' objections to these topics are sustained and their Rule 30(b)(6) designee(s) need not testify regarding them. *See id.* at 11-12. Accordingly, Plaintiff's

---

[5] Plaintiff asserts that she "has the right to test the memories of [Defendants'] employees and to attempt to refresh the recollections of [Defendants'] witnesses who had personal contact with Mr. Bertschinger, especially those employees who had personal contact with Mr. Bertschinger at the time of the execution of the alleged arbitration agreements." Mot. 25, Doc. No. 48. The Court does not rule on the appropriateness of any such deposition because such an issue is not before the Court at this time.

motion to compel is denied and Defendants' request for a protective order is granted regarding these topics.

### (vii)   Topic Nos. 33-34

Defendants' objections to these topics are overruled.  These topics concern the primary issue on which the Court has granted discovery in advance of ruling on Defendants' motion to compel and motion to dismiss.  Defendants' Rule 30(b)(6) designee(s) must testify regarding Defendants' knowledge of Mr. Bertschinger's mental capacity in August 1999 and September 2001, to the extent such information is known or reasonably available to Defendants.  *See* Fed. R. Civ. P. 30(b)(6).  Defendants' argument that no designee "would . . . have any independent factual knowledge of [Mr. Bertschinger's mental capacity]" is unavailing.  Resp. 17, Doc. No. 66.  A Rule 30(b)(6) designee does not testify as to only his or her own factual knowledge, but to the knowledge of the company (*writ large*) he or she has been designated to represent.  *See Butterfly-Biles v. State Farm Life Ins. Co.*, No. 09-CV-86-CVE-PJC, 2010 WL 346838, at *2 (N.D. Okla. Jan. 21, 2010).  If the company has no such knowledge and no such knowledge is reasonably available to it, Defendants' designee(s) must so state.  *See* Fed. R. Civ. P. 30(b)(6) ("The persons designated must testify about information known or reasonably available to the organization.").  Accordingly, Plaintiff's motion to compel is granted and Defendants' request for a protective order is denied regarding these topics.

### (viii)   Topic No. 35

Defendants' objection to this topic is sustained and their Rule 30(b)(6) designee(s) need not testify regarding it. *See* Order of June 18, 2019, at 2 n.2, Doc. No. 74. Accordingly, Plaintiff's motion to compel is denied and Defendants' request for a protective order is granted regarding this topic.

### (ix)   Topic Nos. 1 and 39

The Court does not find any objectionable content in these topics and they are described with reasonable particularity to allow Defendants to designate and prepare deponents. Accordingly, Defendants' objections to these topics are overruled and Defendants' request for a protective order is denied regarding these topics.

### (x)   Topic Nos. 20 and 22-24

The Court agrees that Plaintiff has not described these topics with reasonable particularity as required by Rule 30(b)(6); nor is there any indication that Plaintiff intends to confine her inquiries of Defendants' Rule 30(b)(6) designee(s) to Mr. Bertschinger's mental capacity at relevant times. Accordingly, Defendants' objections to these topics are sustained, Defendants' request for a protective order is granted, and Defendants' Rule 30(b)(6) designee(s) need not testify regarding these topics.

### (xi)   Topic Nos. 25-26

Defendants' objections to these topics are sustained, Defendants' request for a protective order is granted, and Defendants' Rule 30(b)(6) designee(s) need not testify regarding these topics. *See* Order of Oct. 31, 2018, at 7, Doc. No. 27.

### (xii) Topic No. 27

Defendants' objection to this topic is sustained, Defendants' request for a protective order is granted, and Defendants' Rule 30(b)(6) designee(s) need not testify regarding it. This topic falls within the Court's previous ruling regarding the hypothetical violations by Defendants of their own procedures, which do not bear on the issue of Mr. Bertschinger's mental capacity. *See* Order of June 18, 2019, at 6, 10-11, Doc. No. 74.

### (xiii) Topic Nos. 28-32

Defendants' objections to these topics are sustained, Defendants' request for a protective order is granted, and Defendants' Rule 30(b)(6) designee(s) need not testify regarding these topics. Testimony regarding these topics does not bear on the issue of Mr. Bertschinger's mental capacity, but instead are merits-based issues upon which the Court has not authorized discovery at this time.

### (xiv) Topic Nos. 36-38

Plaintiff mentions these topics for the first time in her reply brief, and Defendants did not address the topics in their response brief or in their protective order request. *Compare* Mot., Doc. No. 48, *and* Resp., Doc. No. 66, *with* Reply 3, Doc. No. 71. Accordingly, the Court need not address the topics. *Cf. United States v. Wayne*, 591 F.3d 1326, 1336 n.9 (10th Cir. 2010) (declining to address an argument raised for the first time in a reply brief). Plaintiff's arguments regarding these topics are unavailing regardless. *See* Order of June 18, 2019, at 11, Doc. No. 74.

### III. Rule 37(a)(5)(A) requests for attorneys' fees and costs

Both Plaintiff (Mot. 27, Doc. No. 48) and Defendants (Resp. 24-25, Doc. No. 66) request that the opposing side pay their attorneys' fees and costs pursuant to Rule 37(a)(5)(A). The Court finds the parties' respective positions to be substantially justified overall (even if the parties' positions on specific deposition topics are not), making no award of attorneys' fees and costs to either side appropriate. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

### IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel regarding Rule 30(b)(6) Deposition Notices [Doc. No. 48] is GRANTED IN PART and DENIED IN PART as set forth herein. The respective requests for payment of attorneys' fees and costs made by Plaintiff and Defendants are both DENIED.

IT IS FURTHER ORDERED that Defendants' Cross-motion for Protective Order Under [Rule] 26(c) and [Local Rule] 7.1(c) [Doc. No. 67] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 20th day of June, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE