## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JANE B. GRIGGS, as Special Administrator of the Estate of Richard O. Bertschinger, Sr., deceased,

Plaintiff,

v.

THE VANGUARD GROUP, INC. and VANGUARD MARKETING CORPORATION,

Defendants.

Civil Action No. 5:17-CV-01187-SLP

## <u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>

Defendants, The Vanguard Group, Inc. ("VGI") and Vanguard Marketing Corporation ("VMC") (collectively, "Vanguard"), respectfully submit the following proposed jury instructions pursuant to the Court's March 31, 2021 Phase I Specialized Scheduling Order. Vanguard reserves the right to modify these proposed jury instructions depending and/or based upon rulings issued in connection with any pretrial or trial motions, and the evidence and theories proffered by the parties during the course of trial. Vanguard further reserves the right to amend or alter the proposed order of jury instructions.

Respectfully submitted,

/s/ Lewis N. Carter

Lewis N. Carter
Lance D. Bryan
DOERNER SAUNDERS DANIEL &
ANDERSON, LLP
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Phone: (918) 591-5253
Fax: (918) 925-5253
Email:              lcarter@dsda.com
      lbryan@dsda.com

/s/  Paula D. Shaffner

Paula D. Shaffner (admitted *pro hac vice*)
Jeffrey A. Lutsky (admitted *pro hac vice*)
Brandon M. Riley (admitted *pro hac vice*)
STRADLEY RONON STEVENS &
YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
Phone: 215.564.8000
Fax: 215.564.8120
Email:              pshaffner@stradley.com
      jlutsky@stradley.com
      briley@stradley.com

*Attorneys for Defendants,*
*The Vanguard Group, Inc. and*
*Vanguard Marketing Corporation*

Dated: August 2, 2021

# <u>TABLE OF CONTENTS</u>

**Page**

PART I ......................................................................................................... 1

PRELIMINARY INSTRUCTIONS ............................................................. 1

    Proposed Jury Instruction 1: ................................................................... 2

        Introduction; Role of Jury ................................................................ 2

    Proposed Jury Instruction 2: ................................................................... 3

        Description of Case; Summary of Applicable Law ......................... 3

    Proposed Jury Instruction 3: ................................................................... 5

        Conduct of the Jury ......................................................................... 5

    Proposed Jury Instruction 4: ................................................................... 7

        Bench Conferences .......................................................................... 7

    Proposed Jury Instruction 5: ................................................................... 8

        Evidence .......................................................................................... 8

    Proposed Jury Instruction 6: ................................................................. 10

        Direct and Circumstantial Evidence ............................................. 10

    Proposed Jury Instruction 7: ................................................................. 11

        Credibility of Witnesses ................................................................ 11

    Proposed Jury Instruction 8: ................................................................. 12

        Jury Questions for Witnesses ........................................................ 12

    Proposed Jury Instruction 9: ................................................................. 13

        Notetaking by Jurors ..................................................................... 13

    Proposed Jury Instruction 10: ............................................................... 15

        Clear and Convincing Evidence .................................................... 15

    Proposed Jury Instruction 11: ............................................................... 16

        Description of Trial Proceedings ................................................... 16

PART II ...................................................................................................... 17

GENERAL INSTRUCTIONS FOR USE DURING TRIAL ...................... 17

    Proposed Jury Instruction 12: ............................................................... 18

        Impeachment of Witness's Character for Truthfulness ................. 18

Proposed Jury Instruction 13: ............................................................... 19
    Judicial Notice .................................................................................. 19
Proposed Jury Instruction 14: ............................................................... 20
    Stipulation of Fact ............................................................................ 20
Proposed Jury Instruction 15: ............................................................... 21
    Use of Deposition ............................................................................. 21
Proposed Jury Instruction 16: ............................................................... 22
    Use of Interrogatories ....................................................................... 22
Proposed Jury Instruction 17: ............................................................... 23
    Striking Evidence ............................................................................. 23
Proposed Jury Instruction 18: ............................................................... 24
    Evidence Admitted for a Limited Purpose ................................... 24
Proposed Jury Instruction 19: ............................................................... 25
    Opinion Testimony .......................................................................... 25
Proposed Jury Instruction 20: ............................................................... 26
    Recess Admonition ........................................................................... 26
PART III ............................................................................................... 27
GENERAL INSTRUCTIONS FOR USE AT END OF TRIAL ................. 27
Proposed Jury Instruction 21: ............................................................... 28
    Deliberations ..................................................................................... 28
Proposed Jury Instruction 22: ............................................................... 30
    Number of Witnesses ....................................................................... 30
Proposed Jury Instruction 23: ............................................................... 31
    Evidence in the Case ........................................................................ 31
Proposed Jury Instruction 24: ............................................................... 32
    Questions Not Evidence ................................................................... 32
Proposed Jury Instruction 25: ............................................................... 33
    Failure to Produce Available Evidence ......................................... 33
Proposed Jury Instruction 26: ............................................................... 34
    Expert Witnesses .............................................................................. 34
Proposed Jury Instruction 27: ............................................................... 35

Evidence Admitted for Limited Purpose ............................................... 35

PART IV ..................................................................................................... 36

INSTRUCTIONS ON THE LAW ............................................................. 36

Proposed Jury Instruction 28: ............................................................ 37

Presumption of Capacity .............................................................. 37

Proposed Jury Instruction 29: ............................................................ 38

Rebuttal of Presumption ............................................................... 38

Proposed Jury Instruction 30: ............................................................ 39

Burden of Proof; Clear and Convincing Evidence ...................... 39

Proposed Jury Instruction 31: ............................................................ 40

Test for Mental Capacity; Timing ............................................... 40

Proposed Jury Instruction 32: ............................................................ 41

Mental Capacity Based on Age or Medical Diagnosis ............... 41

# PART I

# PRELIMINARY INSTRUCTIONS

**Proposed Jury Instruction 1:**
**Preliminary Instructions – Introduction; Role of Jury**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions must be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

**Proposed Jury Instruction 2:**
**Preliminary Instructions – Description of Case; Summary of Applicable Law**

In this case, the Plaintiff is Jane B. Griggs, who is the special administrator of her deceased father, Richard O. Bertschinger, Sr.  Ms. Griggs brings this lawsuit on behalf of her father's estate.  I will refer to Ms. Griggs either by her name or simply as "Plaintiff." I will refer to Plaintiff's father, Mr. Bertschinger, either by his name or simply as "Decedent."

The defendants in this case are two entities—The Vanguard Group, Inc. and Vanguard Marketing Corporation.  I will refer to the defendants either individually by their respective company names, or collectively as "Defendants."

Mr. Bertschinger died in 2016.  Before he died, Mr. Bertschinger had entered into two contracts with Vanguard Marketing Corporation.  The first contract was an individual brokerage account agreement, which Mr. Bertschinger signed on August 11, 1999.  An individual brokerage account is a vehicle to trade securities in the stock market.  The second contract was a margin agreement, which Mr. Bertschinger signed on September 4, 2001. A margin agreement allows an individual to borrow money from Vanguard Marketing Corporation to invest in the stock market.  Both contracts contain provisions requiring Mr. Bertschinger, or Ms. Griggs who has filed a lawsuit on behalf of his estate, to arbitrate any disputes concerning Mr. Bertschinger's brokerage account.    Vanguard Marketing Corporation seeks to enforce the arbitration provisions in both contracts.  Ms. Griggs seeks to invalidate both agreements on behalf of the estate of her late father.  Specifically, Ms. Griggs claims that the contracts are invalid because Mr. Bertschinger lacked the mental capacity to enter into them at the time he signed them.  The issue with which you are presented here, therefore, is a narrow one: whether Mr. Bertschinger had the requisite mental capacity to enter into these contracts with Vanguard Marketing Corporation at the time he signed them.

Under Oklahoma law,[1] all persons are presumed to have the mental capacity necessary to enter into a contract, with the exception of minors, those who are deprived of

---

[1]    The August 11, 1999 brokerage account agreement's arbitration clause has a New York choice of law provision. The September 4, 2001 margin agreement has a New York choice of law provision. Because Ms. Griggs challenges Mr. Bertschinger's capacity to enter into the contracts containing the arbitration provisions at issue, there is a question as to whether a valid and enforceable contract was ever formed. Courts do not consider the validity, enforceability, and application of a contractual choice of law provision until it has been determined that a valid contract was formed. *See Dexter v. Hall*, 82 U.S. 9, 20 (1872) ("The fundamental idea of a contract is that it requires the assent of two minds. But a lunatic or a person *non compos mentis* has nothing which the law recognizes as a mind, and it would seem, therefore, upon principle, that he cannot make

civil rights, and those who are of unsound mind.[2] This presumption of mental capacity can only be rebutted by clear and convincing evidence demonstrating that the person lacked such capacity at the time the contract was signed.[3] The test of capacity to enter into a contract is whether a person had the ability to comprehend in a reasonable manner the nature and effect of the contract at the time it is signed.[4]

Because the law presumes everyone is competent, you must first presume that Mr. Bertschinger had such capacity when he entered into these contracts.[5] To overcome this presumption, Plaintiff bears the burden of proving to you that Mr. Bertschinger did not have the requisite mental capacity to enter into these contracts because he was of unsound mind at the time.

Plaintiff can meet this burden of proof only by presenting clear and convincing evidence demonstrating mental incompetency.[6] "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.[7] The clear and convincing standard does not require proof to an absolute certainty, however, since proof to an absolute certainty is seldom possible in any case.

I will give you more detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

---

a contract which may have any efficacy as such."); *see also* WILLISTON ON CONTRACTS, § 10:1 ("Capacity, both legal and mental, is a necessary and constituent element of a simple contract"). Accordingly, Oklahoma's law applies to the narrow issue of Mr. Bertschinger's contractual capacity in August 1999 and September 2001.

[2]   *See* OK. STAT. ANN. tit. 15, § 11.

[3]   *See Sooner Fed. Sav. & Loan Ass'n v. Smoot*, 735 P.2d 555, 558 (Okla. 1987).

[4]   *See Matthews v. Acacia Mut. Life Ins. Co.*, 392 P.2d 369, 373 (Okla. 1964).

[5]   *See Goodner v. Lindley*, 721 P.2d 801, 802 (Okla. 1986).

[6]   *See Smoot*, 735 P.2d at 558.

[7]   *See* 3 Fed. Jury Prac. & Instr. § 104:02 (6th ed.).

**Proposed Jury Instruction 3:**
**Preliminary Instructions – Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves.  If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly.  There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.  I know that many of you use cell phones, smart phones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others.  You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind, including e-mail, instant messages, text messages, text, or instant messaging services such as Twitter, or through any blog, website, internet chat room, or by way of any other social networking websites or services, such as Facebook, LinkedIn, and YouTube.

If any lawyer, party, or witness does not speak to you when you pass in the hall, take the elevator, or the like, remember it is because they are not permitted to talk or visit with you, either.  That is why you are asked to wear your juror tags.  It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case.  Do not do any research on the internet, for example.  You are to decide the case upon the evidence presented at trial.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special

rules will govern their attendance.  You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

**Proposed Jury Instruction 4:**
**Preliminary Instructions – Bench Conferences**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you.  These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue.

I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Proposed Jury Instruction 5:**
**Preliminary Instructions – Evidence**

The evidence from which you are to find the facts consists of the following:

> 1. The testimony of the witnesses;

> 2. Documents and other things received as exhibits;

> 3. Any facts that are stipulated—that is, formally agreed to by the parties; and

> 4. Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

> 1. Statements, arguments, and questions of the lawyers for the parties in this case;

> 2. Objections by lawyers;

> 3. Any testimony I tell you to disregard; and

> 4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I decide on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained,

ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

**Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.**

**Proposed Jury Instruction 6:**
**Preliminary Instructions – Direct and Circumstantial Evidence**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses— something the witness has seen, felt, touched, or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**Proposed Jury Instruction 7:**
**Preliminary Instructions – Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7)     any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Proposed Jury Instruction 8:**
**Preliminary Instructions – Jury Questions for Witnesses**

Only the lawyers and I are allowed to ask questions of witnesses.  You are not permitted to ask questions of witnesses.

**Proposed Jury Instruction 9:**
**Preliminary Instructions – Notetaking by Jurors**

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use—they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1.      <u>Note-taking is permitted, not required</u>. Each of you may take notes. No one is required to take notes.

2.      <u>Be brief</u>. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3.      <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4.      Do not take your notes away from court. I repeat, at the end of each day, please leave your notes in the jury room. [Describe logistics of storing and securing notes, for example: "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the

13

conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

**Proposed Jury Instruction 10:**
**Preliminary Instructions – Clear and Convincing Evidence**

This is a civil case.  Plaintiff is the party that brought this lawsuit.  Defendants are the parties against whom the lawsuit was filed.  Plaintiff has the burden of proving her case. Plaintiff can meet this burden of proof only by presenting clear and convincing evidence demonstrating mental incompetency at the time Mr. Bertschinger executed the two contracts with Vanguard Marketing Corporation.[8] "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.[9] This standard does not require proof to an absolute certainty, however, since proof to an absolute certainty is seldom possible in any case.

I will give you more detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

If Plaintiff fails to meet this burden, the verdict must be for Defendants.  If you find after considering all the evidence that a claim or fact is highly probable and free from serious doubt, then the claim or fact has been proved by clear and convincing evidence.  If you find after considering all the evidence that a claim or fact is not highly probable or is not free from serious doubt, then the claim or fact has not been proved by clear and convincing evidence.  In determining whether any fact has been proved by clear and convincing evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this.  So you should put it out of your mind.

---

[8]   *See Sooner Fed. Sav. & Loan Ass'n v. Smoot*, 735 P.2d 555, 558 (Okla. 1987).

[9]   *See* 3 Fed. Jury Prac. & Instr. § 104:02 (6th ed.).

**Proposed Jury Instruction 11:**
**Preliminary Instructions – Description of Trial Proceedings**

The trial will proceed in the following manner:

First, attorney(s) for Plaintiff will make an opening statement to you.  Next, attorney(s) for Defendants may make an opening statement.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  [A party is not required to make an opening statement.]

After [Before] the attorneys have made their opening statements, [I will instruct you on the applicable law and] then each party is given an opportunity to present its evidence.

Plaintiff goes first because Plaintiff has the burden of proof.  Plaintiff will present witnesses whom counsel for Defendants may cross-examine, and Plaintiff may also present evidence.  Following Plaintiff's case, Defendants may also present evidence and witnesses.  Counsel for Plaintiffs are also permitted to cross-examine the Defendants' witnesses.  [After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.]

After all the evidence has been presented, [I will instruct you on the law and then] the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' respective positions.  As with opening statements, closing arguments are not evidence.  [Once the closing arguments are completed, I will then instruct you on the law.]  After that you will retire to the jury room to deliberate on your verdict in this case.

[At this point the Court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]

**PART II**

**GENERAL INSTRUCTIONS FOR USE DURING TRIAL**

**Proposed Jury Instruction 12:**
**General Instructions For Use During Trial — Impeachment of Witness's Character for Truthfulness**

You [are about to hear] [have heard] evidence that [name of witness], a witness, [e.g., has made a false statement to a governing authority].  You may use that evidence only to help you decide whether to believe the testimony of the witness and to determine how much weight to give it.  That evidence does not mean that the witness engaged in any conduct alleged in this case, and you must not use that evidence as any proof that the witness engaged in that conduct.

**Proposed Jury Instruction 13:**
**General Instructions For Use During Trial — Judicial Notice**

The rules of evidence permit the judge to accept facts that cannot reasonably be disputed.  This is called judicial notice.  I have decided to accept as proof the fact that [state the fact that the court has judicially noticed], even though no evidence has been introduced to prove this fact.  You must accept this fact as true for purposes of this case.

**Proposed Jury Instruction 14:**
**General Instructions For Use During Trial — Stipulation of Fact**

The [parties] have agreed that [set forth stipulated fact or facts] [is/are] true.  [The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial.] You must therefore treat [this fact/these facts] as having been proved for the purposes of this case.

**Proposed Jury Instruction 15:**
**General Instructions For Use During Trial — Use of Deposition**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you [by a video] [by reading the transcript].  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

**[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]**

**Proposed Jury Instruction 16:**
**General Instructions For Use During Trial — Use of Interrogatories**

You will now hear [have heard] answers that [name of party] gave in response to written questions submitted by the other side.  The written questions are called "interrogatories." The written answers were given in writing and under oath, before the trial.

**You must consider [name of party]'s answers to interrogatories in the same manner as if the answers were made from the witness stand.**

**Proposed Jury Instruction 17:**
**General Instructions For Use During Trial — Striking Evidence**

I have ordered that [describe the evidence] be struck from the record and I am instructing you that you must disregard that information [testimony]. That means that when you are deciding the case, you must not consider that information [testimony] in any way.

**Proposed Jury Instruction 18:**
**General Instructions For Use During Trial — Evidence Admitted for a Limited Purpose**

You [have heard] [will now hear] evidence that was received for [a] particular limited purpose[s. [This evidence can be considered by you as evidence that (describe limited purpose)].  It may not be used for any other purpose.  [For example, you cannot use it as proof that (discuss specific prohibited purpose)].

**Proposed Jury Instruction 19:**
**General Instructions For Use During Trial — Opinion Testimony**

You have heard [will hear] testimony containing opinions from Dr. Harold Ginzburg.  In weighing this opinion testimony, you may consider his qualifications, the reasons for his opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  The opinion of Dr. Ginzburg should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

**In deciding whether to accept or rely upon the opinion of Dr. Ginzburg, you may consider any bias that Dr. Ginzburg may have, including any bias that may arise from evidence that Dr. Ginzburg has been or will be paid for reviewing the case and testifying [or from evidence that Dr. Ginzburg testifies regularly and makes a portion of his income from testifying in court].**

**Proposed Jury Instruction 20:**
**General Instructions For Use During Trial — Recess Admonition**

We are about to take [our first] [a] recess [and I remind you of the instruction I gave you earlier].  During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately.  [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet.  Remember that I told you not to use any electronic tools to communicate with anyone about the case or to do research relating to the case.] Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.

[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.]

**PART III**

**GENERAL INSTRUCTIONS FOR USE AT END OF TRIAL**

**Proposed Jury Instruction 21:**
**General Instructions For Use At End of Trial — Deliberations**

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me, or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the internet or available through social media might be wrong, incomplete, or inaccurate.  Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you.  You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.  Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to answer.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.  Unless I direct you otherwise, do not reveal your answers until you are discharged.  After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

**Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.**

**Proposed Jury Instruction 22:**
**General Instructions For Use At End of Trial — Number of Witnesses**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Proposed Jury Instruction 23:**
**General Instructions For Use At End of Trial — Evidence in the Case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been
admitted or stipulated to [and all facts and events that may have been judicially noticed].

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

[I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, unless otherwise instructed you must accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.]

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.[10]

---

[10] *See* 3 Fed. Jury Prac. & Instr. § 103:30 (6th ed.).

**Proposed Jury Instruction 24:**
**General Instructions For Use At End of Trial — Questions Not Evidence**

       If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's questions and statements are not evidence.[11]

---

[11]  *See* 3 Fed. Jury Prac. & Instr. § 103:34 (6th ed.).

**Proposed Jury Instruction 25:**
**General Instructions For Use At End of Trial — Failure to Produce Available Evidence**

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.[12]

---

[12] *See* 3 Fed. Jury Prac. & Instr. § 104:26 (6th ed.).

**Proposed Jury Instruction 26:**
**General Instructions For Use At End of Trial — Expert Witnesses**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become an expert in some art, science, profession, or calling.  Expert witnesses state their opinions as to matters in which they profess to be experts, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.[13]

---

[13] *See* 3 Fed. Jury Prac. & Instr. § 104:40 (6th ed.).

**Proposed Jury Instruction 27:**
**General Instructions For Use At End of Trial — Evidence Admitted for Limited**
**Purpose**

      Sometimes evidence may be admitted concerning only a particular party or only for a particular purpose and not generally against all parties or for all purposes.  For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.[14]

---

[14] *See* Fed. Jury Prac. & Instr. § 104:42 (6th ed.).

# PART IV

# INSTRUCTIONS ON THE LAW

**Proposed Jury Instruction 28:**
**Instructions on the Law — Presumption of Capacity**

The law presumes that all persons have the mental capacity necessary to enter into a contract.[15] For purposes of your deliberation, you must first presume that Mr. Bertschinger had the requisite mental capacity to enter into the two contracts with Vanguard Marketing Corporation presented in this case.

---

[15] *See* OK. STAT. ANN. tit. 15, § 11.

**Proposed Jury Instruction 29:**
**Instructions on the Law — Rebuttal of Presumption**

You must then examine all of the evidence presented during trial and weigh it against this baseline presumption.  You may depart from this presumption only if Plaintiff proves by clear and convincing evidence that Mr. Bertschinger did not have the requisite mental capacity to enter into the contracts with Vanguard Marketing Corporation.[16] To find in favor of Plaintiff, the evidence presented during trial must produce in your mind a firm belief or conviction that Mr. Bertschinger was mentally incapacitated at the time he entered into the two contracts with Vanguard Marketing Corporation.  You must consider the evidence with respect to each contract and evaluate whether Plaintiff has satisfied her clear and convincing burden of proof with respect to each.  Such lack of capacity has the effect of relieving a person of his obligations under the contract.

---

[16]  *See* 3 Fed. Jury Prac. & Instr. § 104:02 (6th ed.).

**Proposed Jury Instruction 30:**
**Instructions on the Law — Burden of Proof; Clear and Convincing Evidence**

It is Plaintiff who bears the burden of proof in this case. That means that Plaintiff must prove to you, by clear and convincing evidence, that Mr. Bertschinger did not have the requisite mental capacity to contract that the law presumes. Plaintiff can meet this burden of proof only by presenting clear and convincing evidence demonstrating mental incompetency.[17] "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.[18] This standard does not require proof to an absolute certainty, however, since proof to an absolute certainty is seldom possible in any case.

---

[17] *See Sooner Fed. Sav. & Loan Ass'n v. Smoot*, 735 P.2d 555, 558 (Okla. 1987).

[18] *See* 3 Fed. Jury Prac. & Instr. § 104:02 (6th ed.).

**Proposed Jury Instruction 31:**
**Instructions on the Law — Test for Mental Capacity; Timing**

The test of capacity to enter into a contract is whether a person had the ability to comprehend in a reasonable manner the nature and effect of the contract at the time it is signed.[19]

You are permitted to consider evidence of Mr. Bertschinger's behavior, conversations, and habits to determine if he was incompetent during the times at which he executed each contract. In order for you to find that Mr. Bertschinger was mentally incapacitated, such incapacity must have been contemporaneous with his signing of each contract. Stated differently, any evidence of incapacity or defective intelligence must relate to the immediate time at which Mr. Bertschinger signed each individual contract.[20]

Mr. Bertschinger signed the first contract on August 11, 1999, and the second on September 4, 2001. Evidence of mental incapacity at any other time beyond these two dates is insufficient to void these contracts.[21]

---

[19]  *See Matthews v. Acacia Mut. Life Ins. Co.*, 392 P.2d 369, 373 (Okla. 1964).

[20]  *See Monarch Loan Co. v. Shellenberger*, 15 P.2d 53 (Okla. 1932).

[21]  *See Tate v. Murphy*, 217 P.2d 177, 185 (Okla. 1949).

**Proposed Jury Instruction 32:**
**Instructions on the Law — Mental Capacity Based on Age or Medical Diagnosis**

      The capacity to contract is not determined by any one factor alone. You must consider and weigh all of the evidence presented during trial to determine if Mr. Bertschinger had the capacity to contract with Vanguard Marketing Corporation, at the time he signed each contract.

      Note, however, that advanced age or physical infirmity cannot have automatically rendered Mr. Bertschinger incapable of entering into a contract. Being enfeebled by advanced age or disability does not necessarily mean that one is unable to understand the nature and effect of a contract at the time of signing.[22] Nor does mere weakness of body or mind, or of both, constitute what the law regards as a mental incompetency sufficient to render a contract voidable.

---

[22] *See Cundick*, 383 F.2d 157, 160 (10th Cir. 1967); *see also Dunkin v. Rice,* 169 P.2d 210 (Okla. 1946).

## <u>CERTIFICATE OF SERVICE</u>

I, Lewis N. Carter, hereby certify that on August 2, 2021, I caused a true and correct

copy of the foregoing to be served via the Court's ECF system upon the following:

James C. Milton, Esquire
Brian J. Nowlin, Esquire
Carson K. Glass, Esquire
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706

*Attorneys for Plaintiff,*
*Jane B. Griggs as Special Administrator/Personal Representative*
*of the Estate of Richard O. Bertschinger, Sr.*

*/s/ Lewis N. Carter*
Lewis N. Carter